IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JESSICA NICOLE SEARLS,

        Plaintiff,

v.                                        CIVIL ACTION NO.   3:15-9133

THE WEST VIRGINIA REGIONAL JAIL
AND CORRECTIONAL FACILITY AUTHORITY,
a corporate governmental instrumentality,
BRETT CURTIS and JONATHAN STEVENS,
individually and in their official capacity agents of
THE WEST VIRGINIA DIVISION OF CORRECTIONS,
and JOHN DOES,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are several Motions to Dismiss brought by Defendant West Virginia Regional Jail and Correctional Facility Authority (the "Authority"). ECF Nos. 17, 19, 21, 23, 25, 27, 29, 31, 35, 37. First, the Authority argues qualified immunity protects it from all claims in this action, which according to the Authority, would require dismissing those claims under Federal Rule of Civil Procedure 12(b)(6). ECF No. 17. The Authority also moves pursuant to Rule 12(b)(6) to dismiss claims for violation of Section 1983, false imprisonment, emotional damages, invasion of privacy, and certain state statutory and constitutional violations. ECF Nos. 19, 21, 25, 27, 31, 35, 37. Lastly, the Authority asks to dismiss Defendant John Does, ECF No. 23, and the punitive damages requested against the Authority. ECF No. 29. Plaintiff Jessica Nicole Searls concedes it is proper to dismiss her statutory claims under West Virginia Code § 61-8-5, West Virginia Code § 29-12A-1, her claim under West Virginia's Constitution, and her claim for invasion of privacy. She also

concedes it is proper to dismiss Defendant John Does and her request for punitive damages against the Authority. ECF Nos. 48, 51.[1] Accordingly, the Court **GRANTS** the Motions to Dismiss pertaining to these claims against the Authority, the unnamed defendants, and punitive damages requested from the Authority. ECF Nos. 19, 23, 25, 27, 29, 35. Based on the analysis below, the Court **GRANTS** the Motion to Dismiss Based on Qualified Immunity, **GRANTS** the Motion to Dismiss § 1983 Claims, **GRANTS** the Motion to Dismiss Emotional Damages Claims, and **GRANTS** the Motion to Dismiss the False Imprisonment Claim. ECF Nos. 18, 21, 32, 37.

## I. Background

In the Complaint, Plaintiff Searls alleges she was sexually abused on several occasions over a ten month-period by correctional officers working for the Authority. ECF No. 1.

Plaintiff was incarcerated at the Western Regional Jail. While incarcerated, Plaintiff alleges that two prison guards sexually assaulted her numerous times. ECF. No. 1. As a result Plaintiff filed this action claiming imposition of sexual intercourse on an incarcerated person (Count One), sexual assault (Count Two), sexual abuse (Count Three), solicitation for sexual favors (Count Four), sexual battery (Count Five), civil battery (Count Six), sexual assault (Count Seven), assault (Count Eight), outrage or intentional and/or reckless infliction of emotional distress (Count Nine) invasion of privacy (Count Ten), negligence (Count Eleven), kidnapping (Count Twelve), false imprisonment (Count Thirteen), civil conspiracy (Count Fourteen), sexual slavery and/or involuntary servitude (Count Fifteen), medical monitoring (Count Sixteen), and violations of the West Virginia and federal constitutions (Count Seventeen). ECF No. 1.

---

[1] Plaintiff Searls does not concede to dismissing any of her claims against the remaining Defendants, nor have those Defendants sought to dismiss any claims against them.

## II. Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court follows a two-step approach: (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and then (2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the remaining factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555–56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

## III. Discussion

The Authority has four remaining motions to dismiss. First, the Authority argues qualified immunity protects it from all claims in this action, which according to the Authority, requires

dismissing those claims under Rule 12(b)(6). Second, the Authority argues the § 1983 claim lodged against it should be dismissed because the Authority is not a person, as required under § 1983. Third, the Authority contends Count Nine for outrage/intentional and/or reckless infliction of emotional distress is duplicative of her assault and battery claims and should be dismissed. Lastly, the Authority maintains Plaintiff's false imprisonment claim is barred by the statute of limitations. Each of the Authority's four motions to dismiss is considered in turn.

### A. *Qualified Immunity*

The Authority argues qualified immunity protects it from both vicarious liability for the intentional torts of the defendant-guards and Plaintiff's negligent hiring, supervision, and training claim, which in turn, requires dismissing those claims under Federal Rule of Civil Procedure 12(b)(6) as they apply to the Authority. The Court agrees.

As an initial matter, Plaintiff concedes that the Authority is not subject to West Virginia Code § 29-12A-1 otherwise known as "The Governmental Tort Claims and Insurance Reform Act" ("GTCIRA"). ECF No. 51. The plaintiff agrees that the GTCIRA applies only to "political subdivisions" and the Authority is not a political subdivision as defined by the GTCIRA. ECF No. 51. Accordingly, common law immunity principles are applicable here.

West Virginia, or its agencies, officials, or employees, is entitled to immunity where the allegedly injurious conduct constitutes a discretionary governmental function and the conduct does not violate a clearly established statutory or constitutional right. *West Virginia Reg'l Jail and Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 766-67 (W. Va. 2014). If the conduct does violate a clearly established statutory or constitutional right, the State may still be entitled to immunity from vicarious liability if the conduct is determined to fall outside the scope of the official's duties or authority. *Id.* at 767.

The West Virginia Supreme Court of Appeals in *West Virginia Regional Jail and Correctional Facility Authority v. A.B.* addressed the limits of immunity for the Authority in a suit premised on vicarious liability for the sexual assault of an inmate by a prison guard. *Id.* at 751. The court determined that although the duties of a prison guard are largely discretionary, a sexual assault on an inmate was a violation of a clearly established statute, but because the guard's conduct fell outside the scope of his employment the Authority and the guard in his official capacity retained immunity. *Id.* at 768-70.

In reaching this outcome, the court explained that in general the "purpose" of the conduct of the employee is "of critical importance" to determine whether the conduct was within the scope employment. *Id.* at 769. Where an employee's conduct is not done for the benefit of the employer, the employee is acting outside his or her scope of employment. *Id.* at 769-70. The court noted that as applied to sexual assaults committed by an employee while on duty "[t]here is overwhelming majority support in other jurisdictions concluding that sexual assaults committed on the job are not within the employee's scope of employment." *Id.* (collecting cases).

Applied specifically to the case before the court, it found that the sexual assault perpetrated by the guard was outside the scope of his employment because the guard's conduct was not only "criminal in nature, [it was] specifically criminalized by statute for all jail or correctional facility employees."[2] *Id.* at 769. "Therefore, [the defendant] did not just allegedly commit acts which also happened to be a crime; he allegedly committed acts which were so divergent from the scope of his duties they were made expressly felonious if committed by him in that context." *Id.*

---

[2] The inmate's claim was based on a violation of West Virginia Code § 61-8B-10, which criminalizes sexual contact between a guard and an inmate.

-5-

Turning to this case, Plaintiff's first cause of action is premised on a violation of West Virginia Code § 61-8B-10, which prohibits sexual contact between guards and inmates. As such, and in light of the West Virginia Supreme Court of Appeals' decision in *A.B.*, the Authority is entitled to immunity from vicarious liability for Count One of Plaintiff's complaint. *See id.*

The Authority is also entitled to immunity from vicarious liability for Counts Two, Three, Five, Six, Seven, Eight, Nine, Twelve, Thirteen, Fourteen, Fifteen, and Sixteen. Each of these claims arises from the sexual assaults that form the basis of Plaintiff's case. Thus, each of the foregoing claims, regardless of whether Plaintiff enumerated violations of clearly established statutory or constitutional rights, fall outside the scope of the defendant-guards' employment with the Authority. *See id.* at 769. Sexual assaults perpetrated by an employee while on duty are not within the scope of the employee's employment because the sexual assaults "in no way furthered the purposes of the [Authority]." *Id.* at 772.

The Plaintiff's direct, as opposed to vicarious, claim against the Authority (Count Eleven) contends that the Authority is liable for negligently hiring, training, and supervising the defendant-guards. The Authority is also entitled to immunity for this claim because hiring, training, and supervision is a discretionary function and Plaintiff has not alleged that in exercising its discretion, the Authority violated any clearly established statutory or constitutional right.

The Supreme Court of Appeals held in *A.B.* that the Authority was entitled to immunity from the plaintiff's claim of negligent hiring, training, and supervision. The court found that "the broad categories of training, supervision, and employee retention . . . easily fall within the category of discretionary governmental functions." *Id.* at 773. The court also found that the plaintiff failed to indicate any clearly established statutory or constitutional right that the Authority violated to give rise to the negligence claim. *Id.* at 774. Accordingly, the Authority was entitled to immunity

from the plaintiff's negligence claim. *Id.* at 775. Here, as it was in *A.B.*, Plaintiff's claim attacks a discretionary function and has not alleged that the Authority has violated any clearly established statutory or constitutional right.[3] Thus, the Authority is entitled to immunity from Plaintiff's negligence claim.

    *B. Section 1983 Claims*

The Authority argues the § 1983 claim lodged against it should be dismissed because the Authority is not a person, as required under § 1983. The Court agrees.

Suits brought pursuant to 42 U.S.C. § 1983 must be brought against a "*person* who . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983 (2012) (emphasis added). The United States Supreme Court in *Will v. Michigan Department of State Police* held that neither a state nor its officials are considered a "person" within the meaning of § 1983 and therefore neither are subject to a suit based on § 1983. 419 U.S. 58, 71 (1989).

Furthermore, this Court has held that "[i]t is well established that the [the Authority] is an agency of the State of West Virginia and is not a 'person' within the meaning of § 1983 for purpose of an action seeking money damages." *Cantley v. West Virginia Reg'l Jail and Corr. Facility Auth.*, 728 F. Supp.2d 803, 817 (S.D.W.Va. 2010). Accordingly, Plaintiff's federal constitutional claims are barred by the Eleventh Amendment and cannot be maintained against the Authority.

---

[3] Although Plaintiff alleges various violations of both the West Virginia and federal constitutions, Plaintiff does not connect her recitation of which clauses and amendments were violated with any specific factual contention, including which if any apply to Plaintiff's negligence claim against the Authority. Moreover, Plaintiff has agreed to drop her state constitutional claims and, as will be discussed in Section B, the Authority is not a proper defendant for Plaintiff's federal constitutional claims.

*C. Emotional Damages Claims*

Plaintiff's outrage/intentional and/or reckless infliction of emotional distress claims (Count Nine), according to the Authority, are emotional damages claims which should be dismissed because they are duplicative of Plaintiff's assault and battery claims, for which Plaintiff can recover damages resulting from emotional distress. The Court agrees.

The Supreme Court of Appeals treats claims for outrage and assault and battery arising from the same event as duplicative. *Criss v. Criss*, 356 S.E.2d 620 Syl. Pt. 4 (W. Va. 1987). "Because an action for assault and battery allows for recovery of damages due to resulting emotional distress, a claim for the tort of outrageous conduct is duplicitous of a claim for assault and battery where both claims arise from the same event." *Id.* Moreover, the Supreme Court of Appeals has held that "the law does not permit a double satisfaction for a single injury. A plaintiff may not recover damages twice for the same injury simply because he has two legal theories." *Harless v. First Nat'l Bank*, 289 S.E.2d 692, Syl. Pt. 7 (1982).

In Counts Five, Six, Seven, and Eight Plaintiff claims the defendant-guards committed sexual battery, civil battery, sexual assault, and assault respectively. Plaintiff may recover damages resulting from the emotional distress caused by the intentional torts committed by the defendant-guards. As such Plaintiff's claim for outrage (Count Nine) is duplicative and should be dismissed as to all defendants.

*D. False Imprisonment Claim*

Finally, the Authority requests that the false imprisonment claim be dismissed because it is barred by the statute of limitations. The Court agrees.

There is no federally prescribed statute of limitations for state common law tort claims. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Therefore, federal courts must apply their

respective state's statute of limitations. *See id.* West Virginia law prescribes a one-year statute of limitations for a claim of false imprisonment. *Wilt v. State Auto Mut. Ins.*, 506 S.E.2d 608, 613 (W. Va. 1998).

The Plaintiff's claims of false imprisonment begin on January 20, 2013 and continue intermittently until November 23, 2013. The Plaintiff filed this action on July 1, 2015. Even assuming that Plaintiff's false imprisonment claims did not accrue until November 23, 2013, Plaintiff's suit missed the one-year deadline by seven months. Accordingly, Plaintiff's false imprisonment claim is barred by the statute of limitations.

## IV. Conclusion

For the above reasons, the Court **GRANTS** the Motion to Dismiss Based on Qualified Immunity, ECF No. 17, **GRANTS** the Motion to Dismiss § 1983 Claims, ECF No. 21, **GRANTS** the Motion to Dismiss Emotional Damages Claims, ECF No. 37, and **GRANTS** the Motion to Dismiss the False Imprisonment Claim. ECF No. 31. Additionally, because Plaintiff concedes it is proper to dismiss the following claims and requested relief, the Court: **GRANTS** the Motions to Dismiss claims against the Authority under West Virginia Code § 61-8-5 (Count Four), ECF No. 19, under West Virginia Code § 29-12A-1, ECF No. 35, under West Virginia's Constitution (Count Seventeen), ECF No. 25, and for invasion of privacy (Count Ten), ECF No. 27; **DISMISSES** Defendant John Does, ECF No. 23; and **STRIKES** the punitive damages requested against the Authority. ECF No. 29. Plaintiff does not concede it is proper to dismiss any of her claims against the remaining Defendants, nor have those Defendants sought to dismiss any claims against them. Accordingly, Plaintiff's claims against all other Defendants, except for her claims of outrage and false imprisonment, which will be dismissed as to all defendants, are still pending in this action and are unaffected by this Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 7, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE